UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDENILSON A. CUATETE,<br>Detainee No. A92-820-972,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES<br><br>　　　　　　　　　　　Defendant. | Civil No.　　12cv0724 JLS (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO APPOINT COUNSEL; (2) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

　　　　Edenilson A. Cuatete ("Plaintiff"), currently detained at the San Diego Correctional Facility located in San Diego, California, and proceeding pro se, has filed a civil action. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). In addition, Plaintiff has filed a Motion for Appointment of Counsel (ECF No. 3).

**MOTION FOR APPOINTMENT OF COUNSEL**

　　　　Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only

under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court finds, as set forth more fully below, that at this stage of the proceeding Plaintiff is able to articulate his claims. Thus, the Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

1  Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any
2 other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to
3 show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and
4 hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

5  **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

6  Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the
7 Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon
8 which relief may be granted, or seek monetary relief from a defendant immune from such relief."  28
9 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding
10 that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203
11 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a
12 district court to dismiss an in forma pauperis complaint that fails to state a claim.").  "[W]hen
13 determining whether a complaint states a claim, a court must accept as true all allegations of
14 material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v.*
15 *Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
16 Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of
17 Civil Procedure 12(b)(6).").

18  Plaintiff purports to bring this as an action pursuant to 42 U.S.C. § 1983 against the United
19 States for alleged failure to provide adequate medical care.  As an initial matter, the Court has
20 construed this matter as one brought pursuant to *Bivens v. Six Unknown Named Fed. Narcotics*
21 *Agents*, 403 U.S. 388 (1971) because Plaintiff claims violations of his civil rights by purported
22 federal actors.  *Bivens* established that "compensable injury to a constitutionally protected interest
23 [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit
24 for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28
25 U.S.C. § 1331]."  *Butz v. Economou*, 438 U.S. 478, 486 (1978).  "Actions under § 1983 and those
26 under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor
27 under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).
28 //

To state a private cause of action under *Bivens*, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

Because the only named Defendant is the United States, this action must be dismissed. A *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355.

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

3. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff is further **GRANTED** sixty (60) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: April 24, 2012

Honorable Janis L. Sammartino
United States District Judge